OPINION
{¶ 1} Rodney F. Ross, Sr., defendant-appellant, appeals from a judgment of the Franklin County Municipal Court, Environmental Division, granting the application for injunctive relief and motion in contempt filed by Prairie Township Board of Trustees ("Prairie board") and Office of the Prairie Township Zoning Inspector ("inspector"), plaintiffs-appellees.
 {¶ 2} From 1991 through 2001, appellant owned and resided upon real property located at 6540 Old Hall Road in Galloway, Ohio ("Ross I property"). In May 1999, appellees filed a complaint for injunctive relief against appellant ("Ross I case"), alleging that appellant was in violation of certain provisions of the Prairie Township Zoning Resolution ("resolution") as the result of his storage of various vehicles, golf carts, equipment, material, debris, junk, and personal property on the Ross I property. After a trial on the merits, the parties approved an agreed judgment entry on February 3, 2000. The judgment stipulated that appellant's use was in violation of several provisions of the resolution and permanently enjoined appellant from placing, storing, or allowing the placement for storage of specified vehicles, recreational items, and personal property "on or near the Property, or at any other location in any residentially zoned district in Prairie Township, Franklin County, Ohio." This judgment was not appealed.
 {¶ 3} On July 10, 2000, appellant acquired a 5.1-acre parcel of property located at 6596 Hall Road, Galloway, Ohio ("Ross II property"). The Ross II property is around the corner from the Ross I property but abuts the rear of the Ross I property. Both properties are in a Section 820 agricultural zoning district pursuant to the resolution. Appellant sold his Ross I property in May 2001. On the Ross II property appellant built a residence and several outbuildings. At some time prior to June 2001, appellant began to move the motor vehicles, golf carts, tractors, trailers, equipment, tools, building materials, and various other items, junk, and debris from the Ross I property to the Ross II property. Also during 2001, appellant placed a home trailer and semi-truck-type trailer onto the property.
 {¶ 4} On June 5, 2001, the inspector notified appellant via notice of zoning violation that his storage activities on the Ross II property violated various sections of the resolution ("Ross II case"). Appellant appealed the notice to the Prairie Township Board of Zoning Appeals ("Board of Zoning Appeals"). After a July 10, 2001 hearing, the inspector's decision was affirmed. Appellant did not appeal the decision of the Board of Zoning Appeals.
 {¶ 5} On June 12, 2002, appellees filed a combined complaint for injunctive relief relating to the Ross II property and a motion in contempt for violations of the February 3, 2000 injunction granted in the Ross I case. Appellant filed a counterclaim, alleging a violation of the Americans with Disabilities Act ("ADA"). On October 9, 2002, the matters were tried in the municipal court. On October 11, 2002, the trial court entered a decision, entry and order, finding: (1) appellant's defenses were barred by res judicata and/or his failure to pursue administrative remedies relating to the Ross I case and his failure to appeal the decision of the Board of Zoning Appeals in the Ross II case; (2) the principal use of the Ross II property was not agricultural as a result of his incidental planting of fruit and nut trees and a garden; (3) the principal use of the property was a residence; (4) appellees proved by clear and convincing evidence that appellant was engaged in prohibited outdoor storage on the Ross II property; (5) appellant was in contempt for his failure to comply with the February 3, 2002 judgment in the Ross I case; and (6) appellant's counterclaim relating to the ADA was not well-taken. The trial court imposed no penalty upon the finding of contempt but set a deadline for removal of the items on the Ross II property. On April 23, 2003, the trial court entered a judgment entry on the October 11, 2002 decision and order. Appellant appeals the judgment of the trial court, asserting the following two assignments of error:
I. The Environmental Court erred in issuing injunctive relief against Mr. Ross, based on a finding that Prairie Township's definition of a "Residential District" includes an "Agricultural District."
II. The Court erred in denying defendant's counter-claim seeking declaratory relief for violations of the American's with disability act.
 {¶ 6} We must first address several procedural matters before proceeding to appellant's assignments of error. First, the present case comes before this court upon appeal of two determinations by the trial court: (1) the granting of appellees' motion for contempt relating to the permanent injunction granted in Ross I; and (2) the granting of appellees' motion for permanent injunction relating to the Ross II property. With regard to the trial court's granting of appellees' motion for contempt, the trial court specifically indicated in its April 29, 2003 judgment entry that it was not going to impose a penalty for the contempt. A contempt finding is not a final order until the imposition of a penalty or sanction. State ex rel. Doe v. Tracy
(1988), 51 Ohio App.3d 198, 199-200. As the trial court has found appellant in contempt, but has not yet imposed a penalty, the contempt adjudication is not a final appealable order. SeeKrieger Ford, Inc. v. Chase Motors, Inc. (Apr. 28, 1998), Franklin App. No. 97APE08-1121. However, when more than one claim for relief is presented in an action, and the trial court renders final judgment with respect to fewer than all the claims, the order is still a final appealable order with respect to those claims for which the trial court rendered final judgment if the court expressly determines that there is no just reason for delay. Civ.R. 54(B). Id. Thus, even though there is no final judgment on the contempt claim, because the trial court's April 29, 2003 judgment contains language expressly stating that there is no just reason for delay, this court has jurisdiction to consider the merits of appellant's appeal with regard to the issuance of the permanent injunction relating to the Ross II property.
 {¶ 7} Second, appellant points out several times that the zoning resolution at issue in the present case was changed on December 23, 2002, which was prior to the trial court's final judgment in the present case. However, the change in the zoning resolution has no affect on this case. Generally, a statute is presumed to be prospective unless it is expressly made retrospective by the legislature. R.C. 1.48; Van Fossen v.Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 105. Therefore, in the absence of a clear legislative intent to the contrary, the statute applies only to cases that arise subsequent to the enactment. Id., at 106. Further, because the authority to adopt a zoning resolution, or amend or supplement the same, is conferred upon the township trustees by statute (R.C. 519.01, et seq.), R.C. 1.58 is applicable to such proceedings. Endicott v.Miracle (Nov. 10, 1982), Clermont App. No. 1121. According to R.C. 1.58, the amendment of a statute does not affect the prior operation of the statute or any prior action taken thereunder; affect any obligation or liability previously incurred thereunder; affect any violation thereof incurred prior to the amendment or repeal; or affect any proceeding with respect to such obligation or liability. R.C. 1.58(A)(1) through (4). In the event that the amended statute has changed an existing statute in any of these respects, the proceeding may be continued or enforced as if the statute had not been repealed or amended. R.C.1.58(A)(4). The alleged violation in Ross II occurred prior to the change in the zoning resolution, as did the commencement of the Ross II proceedings. Thus, appellees' action and any liability on appellant's behalf is controlled by the prior version of the zoning resolution. See Geraldo v. First DominionMut. Life Ins. Co., Lucas App. No. L-01-1210, 2002-Ohio-4654, at ¶ 33-35.
 {¶ 8} Third, contrary to appellant's claims, the present case is a consolidated case with the Ross I case. Appellant contends appellee never sought consolidation, and nothing in the record reflects that the case was consolidated. However, appellees' complaint specifically moves for consolidation of the cases. Further, although we find no order specifically granting the motion for consolidation, the April 29, 2003 judgment entry indicates that the case was a "consolidated case," and the caption of the judgment contains both case numbers. Therefore, we find this case was a consolidated case.
 {¶ 9} Given these preliminary determinations, we now address appellant's assignments of error, which we will address together. Appellant argues in his first assignment of error that the trial court erred in issuing injunctive relief against him, based on a finding that the resolution's definition of "residential district" includes an "agricultural district." Appellant argues in his second assignment of error that the trial court's decision denying his claim pursuant to the ADA was against the manifest weight of the evidence.
 {¶ 10} Although the Ross II property is in an agricultural district under Section 820 of the resolution, Section 810 of the resolution defined residential districts to include agricultural districts, thereby bringing appellant's property under the purview of the zoning restrictions for residential districts. Appellant contends that the resolution violates R.C. 519.21(A) and (B), which prohibits any township zoning commission, board of township trustees, or board of zoning appeals to regulate agriculture, buildings or structures, and dairying and animal and poultry husbandry on lots greater than five acres. Appellant has nine apple, peach, plum, and nut trees and grows tomatoes and peppers, the sales of which have earned him $650. Thus, appellant contends because his property is more than five acres and is used for "agriculture" under R.C. 519.21, appellees may not regulate his property.
 {¶ 11} The standard of review regarding the granting of an injunction by a trial court is whether the trial court abused its discretion. Perkins v. Village of Quaker City (1956),165 Ohio St. 120, 125. "Injunction is an extraordinary remedy equitable in nature, and its issuance may not be demanded as a matter of strict right; the allowance of an injunction rests in the sound discretion of the court and depends on the facts and circumstances surrounding the particular case[.]" Id., at syllabus. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Absent such a showing, this court cannot reverse.
 {¶ 12} In the present case, appellees asserted, and the trial court agreed, that appellant's arguments are barred by res judicata. Because the applicability of res judicata is a question of law, this court utilizes a de novo standard of review. SeeOhio Bell Tel. Co. v. Pub. Util. Comm. (1992),64 Ohio St.3d 145, 147. In finding res judicata applied to preclude appellant's arguments, the trial court cited our decision inPrairie Twp. Bd. of Trustees v. Hay, Franklin App. No. 01AP-1198, 2002-Ohio-4765. In Hay, at ¶ 25, this court detailed the doctrine of res judicata and its applicability to zoning cases, explaining:
The doctrine of res judicata includes (1) claim preclusion, historically called estoppel by judgment, and (2) issue preclusion, traditionally called collateral estoppel. Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, 381, 653 N.E.2d 226. "The doctrines of res judicata and collateral estoppel preclude relitigation of claims or issues which were litigated or could have been litigated in a prior action. * * * Both doctrines are applicable to administrative hearings of a quasi-judicial nature. * * * Administrative proceedings are deemed quasi-judicial if notice, a hearing and an opportunity to introduce evidence are afforded." In re Lima Mem. Hosp. (1996), 111 Ohio App.3d 225,229, 675 N.E.2d 1320. (Citations omitted.) See, also, Grava at 381, 653 N.E.2d 226; Lamar Outdoor Advertising v. City of DaytonBd. of Zoning Appeals, Montgomery App. No. 18902, 2002-Ohio-3159, at ¶ 16.
 {¶ 13} Thus, res judicata applies to bar a party's claims when the party failed to appeal a decision issued in a quasi-judicial administrative proceeding in which both parties were afforded the opportunity to litigate the issues at an adjudicative hearing. Id., at ¶ 27, citing Lamar OutdoorAdvertising v. Dayton Bd. of Zoning Appeals, Montgomery App. No. 18902, 2002-Ohio-3159, at ¶ 18; Denune v. Springfield, Clark App. No. 01CA0097, 2002-Ohio-3287, at ¶ 19; and Greene v.Conrad (Aug. 21, 1997), Franklin App. No. 96APE12-1780, appeal not allowed, 80 Ohio St.3d 1481 ("[t]he requirement for administrative res judicata is that the order to be given preclusive effect be the result of an adjudicative proceeding"). Quasi-judicial proceedings are those that require notice, hearing and the opportunity for introduction of evidence. M.J. KelleyCo. v. Cleveland (1972), 32 Ohio St.2d 150, paragraph two of the syllabus. The doctrine of res judicata has been specifically applied to unappealed determinations made by a board of zoning appeals. See Clinton Twp. Bd. of Trustees v. Yackee, Fulton App. No. F-03-001, 2003-Ohio-5180, at ¶ 18, citing Wade v.Cleveland (1982), 8 Ohio App.3d 176, 178, and Grava v. ParkmanTwp. (1995), 73 Ohio St.3d 379, 383.
 {¶ 14} In the present case, res judicata applies to bar appellant's arguments under his first assignment of error. Although it is not a part of the record before us, appellant testified that he attended the hearing before the Board of Zoning Appeals, and was given an opportunity to testify and present evidence. He also admitted that he raised the same argument before the Board of Zoning Appeals that his property was for agricultural use and therefore exempt from the resolution. The Board of Zoning Appeals deliberated and voted to uphold the inspector's violation letter. Appellant testified that he witnessed the vote and was informed that the Board of Zoning Appeals had upheld the inspector's violation letter. However, appellant failed to appeal the decision of the Board of Zoning Appeals pursuant to R.C. 2506. A decision of an administrative body which is not timely appealed, pursuant to R.C. 2506, becomes final and immune from collateral attack from all but jurisdictional defects. See Yackee, supra, at ¶ 19, citingHoliday Homes, Inc. v. Butler Cty. Bd. of Zoning Appeals
(1987), 35 Ohio App.3d 161, 168; Brott v. Green Bd. of ZoningAppeals, Summit App. No. 21209, 2003-Ohio-1592, at ¶ 21. Appellant's present arguments could have been addressed if he had pursued an R.C. 2506 appeal. Because appellant failed to initiate such an appeal, he is now foreclosed by the doctrine of res judicata from raising the issues he now raises in his first assignment of error relating to Section 810 of the resolution and R.C. 519.21. Therefore, appellant's first assignment of error must be overruled.
 {¶ 15} Res judicata also applies to appellant's ADA and constitutional claims in his second assignment of error. A challenge to the constitutionality of a zoning ordinance may be raised in an administrative appeal to the court of common pleas pursuant to R.C. 2506. See Yackee, supra, at ¶ 22, citing SMC,Inc. v. Laudi (1975), 44 Ohio App.2d 325, 327. Thus, the doctrine of res judicata applies to bar a constitutional challenge to a zoning ordinance in an injunction action if it was not raised in an R.C. 2506 appeal from a decision of the board of zoning appeals. Id., citing Wingard v. Stow (Apr. 6, 1988), Summit App. No. 13255. In the present case, appellant admitted that he raised the ADA issue and the fact that he was handicapped before the Board of Zoning Appeals. Appellant could have and should have then raised his constitutional and ADA claims in an appeal of the decision of the Board of Zoning Appeals. Because he failed to appeal that decision, his constitutional and ADA arguments are also barred by res judicata in the present case. Therefore, appellant's second assignment of error must be overruled.
 {¶ 16} Appellees also claim that appellant's assignments of error are precluded by the application of the doctrine of failure to exhaust administrative remedies. However, given our determination as to the issue of res judicata, we need not address appellees' argument with respect to the exhaustion of administrative remedies.
 {¶ 17} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Municipal Court, Environmental Division, is affirmed.
Judgment affirmed.
Klatt and Watson, JJ., concur.