DECISION
{¶ 1} Counsel for defendant-appellant, Fred L. McCown, Jr., has filed an application for reopening alleging that counsel rendered ineffective assistance of counsel for failing to raise the following assignment of error in the initial direct appeal:
 The court erroneously sentenced appellant to concurrent terms of four years on eight counts of illegal use of a minor in nudity-oriented material or performance as a second degree felony, where the verdict forms failed to indicate the degree of the offense, or that the elements differentiating a violation of *Page 2 
the statute in that degree from violations in a lesser degree had been proven.
 {¶ 2} Counsel applies for reopening under App.R. 26(B), which reads:
 Application for reopening. (1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.
 {¶ 3} Counsel for Mr. McCown relies upon the recent ruling of the Supreme Court of Ohio in State v. Pelfrey, 112 Ohio St.3d 422,2007-Ohio-256, in alleging that he rendered ineffective assistance of counsel to Mr. McCown in the initial appeal. The core of thePelfrey case is contained in the first paragraph of the opinion:
 The Second District Court of Appeals has certified this case pursuant to Section 3(B)(4), Article IV, Ohio Constitution and App.R. 25. The Second District Court of Appeals found its judgment to be in conflict with the judgments of the Fourth District Court of Appeals in State v. Wireman (Apr. 2, 2002), Pike App. No. 01CA662, 2002 WL 971842, the Eighth District Court of Appeals in State v. Sullivan, Cuyahoga App. No. 82816, 2003-Ohio-5930, 2003 WL 22510808, and the Twelfth District Court of Appeals in Cockrell v. Russell (Nov. 18, 1996), Warren App. No. CA96-07-071, 1996 WL 666732, on the following issue: "Whether the trial court is required as a matter of law to include in the jury verdict form either the degree of the offense of which the defendant is convicted or to state that the aggravating element has been found by the jury when the verdict incorporates the language of the indictment, the evidence overwhelmingly shows the presence of the aggravating element, the jury verdict form incorporates the indictment and the defendant never raised the inadequacy of the jury verdict form at trial." The answer to this question is yes. *Page 3 
 {¶ 4} The key question for our purposes is whether or not appellate counsel rendered ineffective assistance of counsel by failing to foresee the Supreme Court of Ohio's ruling in Pelfrey, which was decided over two months after this court rendered its opinion in Fred McCown, Jr.'s case and almost ten months after appellate counsel filed his briefs on Mr. McCown's behalf. We simply cannot say appellate counsel was ineffective, given the high standards set by Strickland v.Washington (1984) 466 U.S. 668, 104 S.Ct. 2052.
 {¶ 5} Under Strickland, counsel must not be functioning as counsel in order to be providing ineffective assistance of counsel under theSixth Amendment to the United States Constitution. Appellate counsel for Mr. McCown day in and day out has provided the highest quality of representation. The appellate briefing done on behalf of Mr. McCown was top notch. The fact that appellate counsel did not foresee that the Supreme Court of Ohio would resolve the question in Pelfrey in accord with the opinion of the Second District Court of Appeals, as opposed to the opinions of the Fourth, Eighth and Twelfth Districts does not make appellate counsel's performance ineffective assistance of counsel. Although raising on direct appeal issues which are pending before the Supreme Court of Ohio is the better course for appellate counsel, failure to do so is not an automatic violation of counsel's duties under the Sixth Amendment.
 {¶ 6} We also cannot say that the sentence Mr. McCown received would have been any different had the assignment of error been raised. The trial court did not give consecutive sentences or maximum sentences. The same sentence could be given again if the charges were treated as felonies of the fifth degree and the sentence for only *Page 4 
four of the 19 felonies for which Mr. McCown was convicted were ordered to be served consecutively.
 {¶ 7} Because appellate counsel did not render ineffective assistance of counsel, the application for reopening is denied.
Application for reopening denied.
 SADLER, P.J., and KLATT, J., concur. *Page 1