OPINION
{¶ 1} This is an appeal from a judgment of the Franklin County Court of Common Pleas, which denied a request by plaintiff-appellant, Arth Brass and Aluminum Castings, Inc. ("Arth"), for reimbursement of fees and costs from defendant-appellee, James Conrad, Administrator of the Bureau of Workers' Compensation ("the bureau"), pursuant to R.C.2335.39. For the reasons that follow, we affirm, although for a different reason than that given by the trial court. *Page 2 
 {¶ 2} A history of related events and legal proceedings is relevant to the instant appeal. In December 2000, Arth filed a declaratory judgment action seeking declarations that: (1) the bureau's policy and practice of issuing payments from the state workers' compensation insurance fund to a claimant's medical care providers after the approval of the claim by a staff hearing officer, but while an appeal by the claimant's employer from the staff hearing officer's order remains pending was unlawful; (2) the bureau's policy and practice of charging payments made to a claimant's medical care providers to the risk account of the claimant's employer while the employer's appeal from the staff hearing officer's order allowing the claim remains pending, was unlawful; and (3) the bureau is legally obligated to (a) credit Arth's risk account for all amounts charged thereto for payments made to its employee-claimant's medical providers, and (b) credit Arth's risk account in the amount of the additional premiums it paid as the result of the improper charging of payments (made to its employee-claimant's medical providers) to its risk account. The parties filed cross-motions for summary judgment, which the trial court resolved in favor of the bureau. Arth appealed that decision to this court, and we affirmed.Arth Brass Aluminum Castings, Inc. v. Conrad, Franklin App. No. 02AP-66, 2002-Ohio-6282 ("Arth I").
 {¶ 3} Subsequent to our decision, on December 22, 2004, the Supreme Court of Ohio allowing Arth's discretionary appeal, reversed this court in Arth Brass Aluminum Castings, Inc. v. Conrad, 104 Ohio St.3d 547,2004-Ohio-6888 (Resnick and Sweeney, dissenting) ("Arth II"), and remanded the matter to the trial court for further proceedings. The Supreme Court concluded, inter alia, that the bureau's policy of immediately charging an employer's risk account (i.e., Arth's) for amounts paid in medical benefits to an injured *Page 3 
employee prior to the final resolution of the employer's (Arth's) appeal contravened R.C. 4123.512, as well as the right to remedy guaranteed by Section 16, Article I of the Ohio Constitution, since there was no mechanism in place that allowed an employer (Arth) to recover the cost of increased premium payments that resulted from the bureau's unlawful policy. The Supreme Court remanded the case to the trial court, specifically directing that:
 Arth should have the opportunity to prove that the bureau's charging of the Ayala medical payments was the proximate cause of the increase in group premiums that Arth paid while those medical payments were charged toward its experience. The bureau should be liable to credit Arth only to the extent that the premiums it received exceeded those Arth would have made had the medical benefits not been charged to its risk account.
Id. at ¶ 53.
 {¶ 4} On January 3, 2005, the bureau filed a motion for reconsideration, and, on January 12, 2005, Arth filed a motion to tax attorney fees as costs pursuant to R.C. 2335.39. In an entry journalized on February 16, 2005, the Supreme Court of Ohio denied both motions.Arth Brass Aluminum Castings, Inc. v. Conrad 105 Ohio St.3d 1441,2005-Ohio-531 ("Arth III") (Lundberg Stratton, J., dissenting as to motion to tax attorney fees as costs).
 {¶ 5} The matter was remanded to the trial court for further proceedings consistent with the Supreme Court's decision, and, on September 20, 2006, the trial court entered judgment pursuant to the remand directive. On October 16, 2006, Arth filed a motion in the trial court to tax attorney fees as costs pursuant to R.C. 2335.39; this motion was virtually identical to the motion filed in and previously denied by the Supreme Court. *Page 4 
The trial court denied Arth's motion, finding that the bureau demonstrated that its position was substantially justified, thereby meeting its burden pursuant to R.C. 2335.39. The trial court did reject, however, the bureau's argument that the Supreme Court's denial of Arth's motion had a preclusive effect and foreclosed the trial court from considering the issue of attorney fees. This appeal ensued.
 {¶ 6} On appeal, Arth assigns the following as error:
 THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING PLAINTIFF-APPELLANT'S TIMELY MOTION TO TAX ITS ATTORNEY'S FEES AND EXPENSES AS ADDITIONAL COSTS.
 {¶ 7} We do not reach the substance of Arth's challenge because we find consideration of the matter before us is barred by the doctrine of res judicata. Whether the doctrine of res judicata applies in a case is a question of law. Accordingly, our review of appellant's res judicata claim is de novo. Prairie Twp. Bd. of Trustees v. Ross, Franklin App. No. 03AP-509, 2004-Ohio-838, at ¶ 12; Nye v. Ohio Bd. of Examiners ofArchitects, 165 Ohio App.3d 502, 2006-Ohio-948, at ¶ 12, citingRoss, at ¶ 12; Nationwide Ins. Co. v.
 Davey Tree Expert Co., 166 Ohio App.3d 268, 2006-Ohio-2018, at ¶ 15. "`[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision.'" Koehring v. Ohio Dept. of Rehab. Corr Franklin App. No. 06AP-396, 2007-Ohio-2652, at ¶ 10, quoting BP CommunicationsAlaska, Inc. v. Cent. Collection Agency (2000), 136 Ohio App.3d 807,812, dismissed, appeal not allowed, 89 Ohio St.3d 1464, citing Hall v.Ft. Frye Loc. School Dist. Bd. of Edn. (1996), 111 Ohio App.3d 690, 694. See, also, Hicks v. Leffler (1997), *Page 5 119 Ohio App.3d 424, 427 (stating that de novo review requires an appellate court to review a judgment independently without deferring to the trial court).
 {¶ 8} The doctrine of res judicata has two aspects: claim preclusion and issue preclusion. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,380. Claim preclusion holds that a valid, final judgment on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Id. at syllabus. Issue preclusion, also known as collateral estoppel, provides that "a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." Ft. Frye Teachers Assn. v. State Emp. Relations Bd. (1998),81 Ohio St.3d 392, 395. While claim preclusion precludes relitigation of the same cause of action, issue preclusion precludes relitigation of an issue that has been actually and necessarily litigated and determined in a prior action. Id., citing Whitehead v. Gen. Tel. Co. (1969),20 Ohio St.2d 108, 112.
 {¶ 9} In Thompson v. Wing (1994), 70 Ohio St.3d 176, the Supreme Court of Ohio set forth three requirements for application of collateral estoppel or issue preclusion. "Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." Id. at 183, citingWhitehead, paragraph two of the syllabus." The essential test in determining whether the doctrine of collateral estoppel is to be applied is whether the party against whom the prior judgment is being asserted had *Page 6 
full representation and a`full and fair opportunity to litigate that issue in the first action.'" Cashelmara Villas Ltd. Partnership v.DiBenedetto (1993), 87 Ohio App.3d 809, 813, quoting Hicks v. De LaCruz (1977), 52 Ohio St.2d 71, 74.
 {¶ 10} In this case, the Supreme Court's denial of Arth's motion to tax attorney fees as costs satisfies the above tripartite test. Although the Supreme Court did not provide the reason[s] for denying Arth's motion, there is nothing in the Supreme Court's decision to suggest that it constitutes anything but an adjudication of the merits. See, ArthIII. Because the decision of the Supreme Court constituted an adjudication on the merits, and the motion filed by Arth in the trial court was based on the same facts and virtually identical to the motion denied by the Supreme Court, we find the Supreme Court's denial of Arth's motion to have a preclusive effect under the principles of res judicata.
 {¶ 11} We note that the trial court resolved the issue of whether res judicata applied by concluding that the motion filed by Arth in the Supreme Court was premature. The court reasoned that because attorney fees pursuant to R.C. 2335.39 could not be requested until the case was over, and the case was not over until judgment had been entered pursuant to the remand directive, the trial court had "the ability to decide the attorney's fees question on its merits." (Sept. 12, 2007 decision and entry, at 6.) We find such premise, however, to be incompatible with the sum and substance of the Supreme Court's decision, as well as juxtaposed to the express language of R.C. 2335.39.
 {¶ 12} In essence, the Supreme Court's decision in Arth II resolved Arth's action for declaratory judgment in its favor, and the scope of the remand was limited to determining whether the bureau's policy was the proximate cause of Arth's increased *Page 7 
group premiums, and, if so, the amount the bureau should credit Arth for said increase. Thus, Arth was the prevailing party. R.C. 2335.39(A)(2)(" `Prevailing eligible party' means an eligible party that prevails in an action or appeal involving the state.").
 {¶ 13} Subsection (B)(1) of R.C. 2335.39 provides that "[a] prevailing eligible party that desires an award of compensation for fees shall file a motion requesting the award with the court within thirty days after the court enters final judgment in the action or appeal." (Emphasis added). And, here, the Supreme Court issued its final judgment on December 22, 2004, and not on February 16, 2005, when the Supreme Court issued its mandate,[1] as argued by Arth and found by the trial court; a judgment and a mandate are separate clerical mechanics. Section 4, Ohio S.Ct.Prac. Rule XI ("After the Supreme Court has decided an appeal on the merits, the Clerk shall issue a mandate. The mandate shall be issued 10 days after entry of the judgment, unless a motion for reconsideration is filed within that time in accordance with Section 2 of this rule."). Thus, Arth's motion filed on January 12, 2005, was timely.
 {¶ 14} Based on the foregoing, we find that the Supreme Court's denial of Arth's motion to tax attorney fees as costs had a preclusive effect on the motion filed by Arth in the trial court, and the doctrine of res judicata acted as a bar to the latter's consideration. Although the trial court denied Arth's motion on the merits, we must, nevertheless, affirm the judgment because it is legally correct on another ground.Joyce v. General Motors Corp. (1990), 49 Ohio St.3d 93, 96; Reynolds v.Budzik (1999), 134 Ohio App.3d 844, 846, fn. 3 ("[W]hen a trial court has stated an erroneous basis for its judgment, an *Page 8 
appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial.").
 {¶ 15} Having overruled Arth's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT and TYACK, JJ., concur.
[1] The certification language contained on the Supreme Court's mandate also indicates that judgment was entered on December 22, 2004. *Page 1