[Cite as *State v. Small*, 2018-Ohio-757.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

       Plaintiff-Appellee,              :        Nos. 16AP-497
                                     and 16AP-565
                                    :        (C.P.C. No. 11CR-5413)

v.                                               :        (REGULAR CALENDAR)

Mykel Small,                                     :

       Defendant-Appellant.             :

                                        :

D E C I S I O N

Rendered on March 1, 2018

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee. **Argued**: *Michael P. Walton*.

**On brief**: *Adam R. Todd*, for appellant. **Argued**: *Adam R. Todd*.

APPEALS from the Franklin County Court of Common Pleas

BROWN, P.J.

{¶ 1} Mykel Small, defendant-appellant, appeals from the judgment of the Franklin County Court of Common Pleas, in which the court denied appellant's motion to withdraw guilty plea.

{¶ 2} As relevant to the present appeal, in 2011, appellant was charged with aggravated possession of drugs, a first-degree felony, and aggravated possession of drugs, a third-degree felony. The charges arose from a shipment of 1,405 Oxycodone 30-milligram pills and 50 Oxycodone 15-milligram pills sent to appellant. Police intercepted the package and conducted a controlled delivery, after which they conducted a search of

appellant's residence. Appellant claimed he only expected the 30-milligram pills and did not know the 15-milligram pills would be in the package.

{¶ 3}   Prior to trial, appellant's trial counsel sent him a letter advising him of the plea offer. In the letter, trial counsel indicated the first count carried a mandatory prison sentence of 3 to 10 years, and the second count carried a presumption in favor of prison for a term between 9 and 36 months. Trial counsel indicated therefore, if convicted, appellant would face a potential maximum prison term of 13 years.

{¶ 4}   On November 18, 2013, appellant entered a plea of guilty to aggravated possession of drugs, a first-degree felony, and the trial court dismissed the third-degree felony possession of drugs charge. On July 29, 2014, the trial court sentenced appellant to eight years on the first-degree felony aggravated possession of drugs count.

{¶ 5}   Appellant appealed multiple judgments, which also included other charges, and, in *State v. Small,* 10th Dist. No. 14AP-659, 2015-Ohio-3640, this court remanded the matter to the trial court for resentencing.

{¶ 6}   On December 3, 2014, appellant filed a motion to withdraw guilty plea, in which he contended his plea was not knowing, intelligent, and voluntary. On May 19, 2015, appellant filed a supplemental memorandum in support of his motion to withdraw guilty plea. In these pleadings, appellant asserted, among other things, that because the two pertinent charges were allied offenses, he could only be convicted of one of the charges, contrary to what his counsel stated to him in the letter. He claimed if he had known such, he would not have pled guilty and would have had a jury trial.

{¶ 7}   The trial court held a hearing on appellant's motion to withdraw guilty plea. After the trial court issued an oral decision at the close of trial, appellant filed an appeal. On July 21, 2016, the trial court issued a judgment in which it denied appellant's motion to withdraw guilty plea, and appellant filed another appeal. Thus, although the present matter contains two case numbers, it involves only one judgment. In his appeal, appellant asserts the following assignment of error:

> The trial court's denial of Mr. Small's motion to withdraw his guilty plea to the charge for aggravated possession of drugs resulted in a manifest injustice. Mr. Small did not intelligently, knowingly and voluntarily enter his plea because trial counsel incorrectly advised him regarding the maximum possible sentence he faced at trial.   The trial court failed to

make a meaningful determination that Mr. Small intelligently, knowingly and voluntarily entered the plea.

{¶ 8} Appellant argues in his assignment of error that (1) he was denied effective assistance of trial counsel, and (2) he did not intelligently, knowingly, and voluntarily enter his guilty plea. With regard to his first argument, in order to establish ineffective assistance of counsel, a defendant must demonstrate "first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial." *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, ¶ 205, citing *Strickland v. Washington*, 466 U.S. 668 (1984). In order to show prejudice, the defendant "must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus.

{¶ 9} Appellant's post-conviction petition to withdraw guilty plea is governed by Crim.R. 32.1. The rule states that such a motion may be made after the sentence is imposed only to correct a manifest injustice. The burden of establishing the existence of a manifest injustice is on the defendant seeking the vacation of the plea. *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus.

{¶ 10} A motion made pursuant to Crim.R. 32.1 is addressed at the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court. *State v. Stumpf*, 32 Ohio St.3d 95, 104 (1987); *Smith* at paragraph two of the syllabus. An appellate court's review is limited to a determination of whether the trial court abused its discretion by denying the motion to withdraw a guilty plea. *State v. Barnett*, 73 Ohio App.3d 244, 250 (2d Dist.1991). An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Montgomery*, 61 Ohio St.3d 410, 413 (1991).

{¶ 11} With regard to the ineffective assistance of counsel claim, in the present case, appellant argues his trial counsel was deficient because he misadvised him regarding the maximum possible sentence he faced at trial on the two drug charges. Appellant claims his trial counsel misunderstood the nature of the charges, in that the letter from counsel to appellant included an incorrect explanation about the possible sentence for the

two related charges for aggravated possession of drugs. Appellant asserts that, although trial counsel wrote in the letter that he faced a potential maximum prison term of 13 years, the court could not convict and punish appellant for both counts of aggravated possession of drugs because they arose from the same conduct, and R.C. 2941.25 forbids a defendant from being convicted of two allied offenses of similar import arising from identical conduct. Appellant maintains that, although there were two separate charges because there were differing milligram strengths of the same prescription drug, both counts arose from the same conduct involving the same drug in the same transaction. He contends he only intended to possess the 30-milligram pills and did not know the 15-milligram pills were in the same package he received from his supplier.

{¶ 12} Appellant also argues he would not have entered the guilty plea to the charge for aggravated possession of drugs if he had been correctly advised by trial counsel. In support, appellant points out he testified at the hearing on his motion that, had he known that he could have only been convicted of one charge, he would have gone to trial, and he believed and relied on the information in his trial counsel's letter in making his decision to plead guilty.

{¶ 13} After a review of the record, we find appellant failed to demonstrate his trial counsel was ineffective. In doing so, we need not specifically determine whether appellant's trial counsel misadvised him as to the possible maximum sentence he could face if he were to have a jury trial on the two charges. For appellant to prevail on his claim of ineffective assistance of counsel, this court would need to conclude that "counsel's performance fell measurably below that which might be expected from an ordinary fallible attorney." *State v. McCarty*, 11th Dist. No. 2015-P-0064, 2016-Ohio-4734, ¶ 29. We are also required to indulge a strong presumption that counsel's conduct is within the wide range of reasonable professional representation. *Strickland* at 689. The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland* at 690. Furthermore, "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688.

{¶ 14} In the present case, appellant addresses his ineffective assistance claim by presenting a legal argument regarding whether the two counts should have been merged.

However, appellant frames the issue incorrectly. Despite his claim that trial counsel "clearly" misadvised him, the case law appellant relies on, *State v. Painter*, 12th Dist. No. CA2014-03-022, 2014-Ohio-5011, is not unequivocally on point, and plaintiff-appellee, State of Ohio, presents case law contra appellant's claims, relying upon *State v. Sowers*, 5th Dist. No. 16 CA 00002, 2016-Ohio-7500. The key to an ineffective assistance of counsel claim is reasonableness. A defense counsel's reasonable and arguable interpretation of law at the time of the action taken cannot rise to the level of ineffective assistance of counsel; this remains true even if the interpretation proves later to be wrong. *See State v. McCown*, 10th Dist. No. 06AP-153, 2007-Ohio-1417, ¶ 5 (under *Strickland*, counsel must not be functioning as counsel in order to be providing ineffective assistance of counsel; the fact that counsel did not foresee how a court would later decide a legal question does not make counsel's performance ineffective assistance of counsel); *State v. Martin*, 6th Dist. No. C.A. S-79-1 (May 4, 1979) (trial counsel should not be faulted for an interpretation of a statute that is arguable at the time, and counsel will not be held incompetent for failure to comply with the statute, even if it later proves to be wrong); *State v. Humphries*, 10th Dist. No. 78AP-564 (Jan. 30, 1979) (petitioner could not possibly establish ineffective assistance of defense counsel of a constitutionally recognized magnitude when counsel was following the law generally believed to be applicable at that time; at most, defense counsel's breach of duty was in not anticipating a later interpretation of an equivocal statute).

{¶ 15} Here, both parties cite debatable but reasonably arguable authority for their differing interpretations of the merger statute as it applies to the present facts. Applying the above cited tenets to this situation, even assuming, arguendo, that appellant's trial counsel was wrong in his interpretation of the merger issue, it would be difficult to find appellate counsel was so seriously deficient that counsel wholly failed to function as the "counsel" guaranteed the defendant by the Sixth Amendment, when neither the state nor appellant can point to clear authority on the relevant issue.

{¶ 16} Importantly, in light of the trial court's findings at the motion hearing, we cannot conclude that trial counsel's interpretation—that the two offenses constituted two separate offenses for which appellant could receive a total of 13 years imprisonment if found guilty of both offenses—was so unreasonable so as to constitute ineffective

assistance of counsel. Appellant was indicted on two different counts—a first-degree felony for the 30-milligram Oxycodone pills, and a third-degree felony for the 15-milligram Oxycodone pills. At the conclusion of the motion hearing, the trial court indicated it agreed with appellant's trial counsel that because the pills at issue constituted two different drugs and separate dosages, they were separate offenses. The court concluded, consistent with the opinion of trial counsel, that the maximum penalty, as the court described to appellant at the time of sentencing, would have been ten years on one count and three years on the other count. The court explained appellant's concept of merger or selective enforcement was wrong, as appellant accepted the entire package of pills and possessed it at the time of the offense. The court found there was clearly a separate animus given there were two different types of drugs, even though they were in the same box. Furthermore, the court found that, despite appellant's contention he did not intend to possess as many of the pills that his supplier sent, he still decided to maintain the entire quantity his supplier sent him. That the trial court agreed with appellant's trial counsel strongly supports a conclusion the interpretation of appellant's counsel was not so unreasonable and so seriously deficient that he was not acting as the counsel guaranteed by the Sixth Amendment. Appellant was guaranteed reasonable and competent, but not perfect, counsel. *See Bell v. Cone*, 535 U.S. 685, 702 (2002); *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986); *State v. Hall*, 10th Dist. No. 04AP-1242, 2005-Ohio-5162, ¶ 41, citing *State v. Cummings*, 10th Dist. No. 90AP-1144 (Apr. 21, 1992) (a defendant is entitled to a reasonable standard of representation, not perfect representation).

{¶ 17} Furthermore, a trial attorney is not required to engage in futile acts. *State v. Ealy*, 10th Dist. No. 11AP-750, 2012-Ohio-3336, ¶ 17, citing *State v. Hillman*, 10th Dist. No. 06AP-1230, 2008-Ohio-2341, ¶ 46. When a claim of ineffective assistance of counsel is based on counsel's failure to raise an issue, a defendant must show that such an argument had a reasonable probability of success. *State v. Ferguson*, 10th Dist. No. 16AP-307, 2016-Ohio-8537, ¶ 11, citing *State v. Carmon*, 10th Dist. No. 11AP-818, 2012-Ohio-1615, ¶ 9, and *State v. Barbour*, 10th Dist. No. 07AP-841, 2008-Ohio-2291, ¶ 32, citing *State v. Adkins*, 161 Ohio App.3d 114, 2005-Ohio-2577 (4th Dist.). Here, the trial court agreed with appellant's trial counsel that appellant was subject to a total imprisonment

term of 13 years. Thus, the trial court would have rejected any argument by trial counsel that the offenses merged. Therefore, we find there was not a reasonable probability of success had appellant's counsel argued before the trial court that the counts merged.

{¶ 18} For these reasons, we conclude appellant has failed to show his trial counsel was ineffective because he allegedly misadvised him regarding the maximum possible sentence he faced at trial on the two drug charges. Trial counsel's advice was not unreasonable under the circumstances, and, even if counsel had raised such issue with the trial court, the trial court would have rejected the argument, and no prejudice would have resulted.

{¶ 19} Appellant next argues the trial court erred because it did not address him and make an express finding that he entered his guilty plea intelligently, knowingly, and voluntarily. Appellant asserts Crim.R. 11(C)(2) requires a trial court personally address a defendant and determine the defendant made the plea voluntarily and with an understanding of the nature of the charges and the maximum penalty involved. Appellant contends that, if the court had complied with its duty, it would have discovered appellant was misinformed as to the possible maximum sentence he faced at trial.

{¶ 20} However, we need not delve into the details or authority surrounding appellant's claims because appellant's argument is barred by res judicata. Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. The applicability of res judicata is a question of law, which an appellate court reviews de novo. *EMC Mtge. Corp. v. Jenkins*, 164 Ohio App.3d 240, 249, 2005-Ohio-5799, ¶ 15 (10th Dist.), citing *Prairie Twp. Bd. of Trustees v. Ross*, 10th Dist. No. 03AP-509, 2004-Ohio-838, ¶ 12.

{¶ 21} As applied to the present circumstances, any issues related to the knowing, intelligent, and voluntary nature of appellant's guilty plea on the aggravated possession of drugs charge could have been raised in a direct appeal. Appellant failed to do so. This court has consistently held that res judicata bars a defendant from raising claims in a post-sentence motion to withdraw guilty plea that were either raised or could have been raised in a direct appeal from the judgment of conviction and sentence. *State v. Nooks*, 10th Dist. No. 14AP-344, 2014-Ohio-4828, citing *State v. Muhumed*, 10th Dist. No. 11AP-

1001, 2012-Ohio-6155; *State v. Hazel*, 10th Dist. No. 10AP-1013, 2011-Ohio-4427, ¶ 18, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59 (applying res judicata to bar a defendant from raising any issue in a post-sentence motion to withdraw a guilty plea that could have been raised at trial or on direct appeal); *State v. Conteh*, 10th Dist. No. 09AP-490, 2009-Ohio-6780, ¶ 6; *State v. Oluoch*, 10th Dist. No. 07AP-45, 2007-Ohio-5560, ¶ 28; *State v. Totten*, 10th Dist. No. 05AP-278, 2005-Ohio-6210, ¶ 7. Therefore, res judicata precluded appellant from raising these issues in his motion to withdraw guilty plea. Thus, we find the trial court did not err when it denied appellant's motion to withdraw guilty plea, and we overrule appellant's assignment of error.

{¶ 22} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER and HORTON, JJ., concur.

_____