DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Berle Carter has appealed from the decision of the Summit County Court of Appeals that denied his motion for the return of seized property. This Court affirms.
 I {¶ 2} On August 19, 1999, Appellant pleaded guilty to robbery, in violation of R.C. 2911.02, and was sentenced to a seven year term of incarceration. Appellant filed both an untimely petition for post-conviction relief and a motion for the return of seized property with the trial court on April 12, 2001. The petition and motion were presented in one filing styled "Delayed Petition [f]or Post-Conviction Relief Pursuant to R.C. [2953.21 and] Request [t]o ORDER [t]he Return of Seized Property[.]" By journal entry dated May 1, 2001, the trial court denied Appellant's petition and motion. Appellant timely appealed the denial of his petition for post-conviction relief to this Court, and on August 29, 2001, we affirmed the decision of the trial court. See State v. Carter (Aug. 29, 2001), 9th Dist. No. 20572, appeal not allowed (2001), 93 Ohio St.3d 1429.
 {¶ 3} On September 11, 2003, nearly two-and-a-half years after the trial court denied his first motion for the return of seized property, Appellant filed a motion styled "Motion for the Return of Seized Property Pursuant to [R.C. 2933.43(C)] with Memorandum of Law." By journal entry dated October 15, 2003, the trial court denied Appellant's motion. Appellant has timely appealed the trial court's October 15, 2003, decision, asserting two assignments of error. We have consolidated his assignments of error for ease of analysis.
 II Assignment of Error Number One
"Appellant contends that the trial court erred unto his prejudice by denying his motion to return seized property under R.C. 2933.43(C) without any determination of whether the admission by the prosecutor to the unknown whereabouts of appellant's vehicle and other property constitutes a violation of due process of law under the excessive fines clause of the eighth
and fourteenth amendment[s] to the united states constitution and article I, [sections nine and ten] of the ohio constitution."
 Assignment of Error Number Two
"Appellant contends the trial court was required as a matter of law to make a determination of whether the admission by the prosecutor that [appellant's] property was lost constitutued the imposition of a penalty in lieu of the seven year prison term."
 {¶ 4} In his first assignment of error, Appellant has argued that the trial court erred when it denied his motion for the return of his seized property on October 15, 2003. He has argued that, pursuant to R.C. 2933.43(C), his property that was seized pursuant to a search warrant that was executed on August 30, 1996, should be returned to him because the charge which served as the basis for the search and seizure was dropped.[1] In his second assignment of error, Appellant has argued that the State "lost" his property once it was seized, and that the State has refused to make any restitution to him for the lost property thus essentially imposing an additional penalty upon him that was not ordered by the trial court. The State has argued that Appellant's claim was barred by res judicata because his claim was previously addressed by this Court on August 29, 2001, when we affirmed the trial court's decision denying his untimely petition for post-conviction relief and motion for the return of seized property.
 {¶ 5} To be timely, a direct appeal must comply with App.R. 3(A) and App.R. 4(A). App.R. 3(A) states, in pertinent part, that "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by App.R. 4." App.R. 4 states, in pertinent part, that "[a] party shall file the notice of appeal required by App.R. 3(A) within thirty days * * * of entry of the judgment or order appealed."
 {¶ 6} Our careful review of the record in the instant matter indicates that the document Appellant filed on April 12, 2001, styled "Delayed Petition [f]or Post-Conviction Relief Pursuant to R.C. [2953.21 and] Request [t]o ORDER [t]he Return of Seized Property" constituted both an untimely petition for post-conviction relief [2] and a motion for the return of seized property. In a journal entry dated May 1, 2001, the trial court stated: "Upon due consideration of this Court, IT IS HEREBY ORDERED that Defendant's Motion is DENIED." On May 14, 2001, Appellant filed a timely notice of appeal of "the judgment denying his petition for post-conviction relief[.]" He did not, however, file a notice of appeal with respect to the trial court's denial of his motion for the return of seized property, and thus waived the right to appeal the trial court's May 1, 2001, decision in that regard.[3]
 {¶ 7} We concur with the State's argument in the instant matter that Appellant's September 11, 2003, motion for the return of seized property was barred by res judicata. "The doctrine of res judicata bars all subsequent action based upon any claim arising out of a transaction or occurrence that was previously decided as a final and valid judgment in a prior action." Moorev. Moore, 9th Dist. No. 02CA0071, 2003-Ohio-3789, at ¶ 7, citingHarris v. Lorain, 9th Dist. No. 02CA008099, 2003-Ohio-530, at ¶ 15, appeal denied (2003), 99 Ohio St.3d 1413.
 {¶ 8} Although the trial court did not indicate its grounds for denying Appellant's September 11, 2003, motion, this Court "must affirm a trial court's judgment if upon review any valid grounds are found to support it." Miller v. Wadsworth City Sch.
(Feb. 23, 1994), 9th Dist. No. 2239-M, at 4-5, quoting Gonzalezv. City of Cuyahoga Falls (Nov. 3, 1993), 9th Dist. No. 15891, at 5. Because Appellant filed a motion to the trial court for the return of seized property on April 12, 2001, and said motion was previously denied by the trial court on May 1, 2001, Appellant's September 11, 2003, motion for the return of seized property filed to the trial court was barred by res judicata. Lorain, supra, at 15. As such, we find that the trial court did not err when it denied Appellant's September 11, 2003, motion for the return of seized property. See Michitsch v. County of Summit
(Aug. 28, 1996), 9th Dist. No. 17694, at 6, appeal not allowed (1997), 77 Ohio St.3d 1517. As a result, Appellant's assignments of error lack merit.
 III {¶ 9} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
Slaby, J. Batchelder, J. concur
[1] R.C. 2933.43(C) states that it is mandatory that the trial court hold a forfeiture hearing prior to granting or denying the State's request that seized property be forfeited. See R.C.2933.43(C).
[2] Petitions for post-conviction relief are governed by R.C.2953.21 and R.C. 2953.23. "R.C. 2953.21 sets forth the statutory framework governing post-conviction relief. Specifically, this statute provides defendants with a mechanism to petition the trial court for an evidentiary hearing and request relief on the basis that their convictions are void or voidable on state or federal constitutional grounds." State v. Nixon, 9th Dist. No. 02CA008148, 2003-Ohio-1476, at ¶ 7, appeal not allowed (2003),99 Ohio St.3d 1467. A petition for post conviction relief must state the grounds that support the relief requested, and request that the court either vacate or set aside the judgment or sentence imposed. R.C. 2953.21(A)(1). The petition may also ask the court to grant other appropriate relief. Id.
[3] This Court notes that when Appellant appealed the trial court's denial of his untimely petition for post-conviction relief to this Court, he argued that he was entitled to the return of his seized property. However, Appellant failed to present any constitutional arguments with regard to his seized property that would make his conviction, which occurred by way of a plea agreement, void or voidable as required pursuant to R.C.2953.21 and R.C. 2953.23. Because calling the constitutionality of an offender's conviction into question is the fundamental requirement of a petition for post-conviction relief, Appellant's arguments regarding the return of his seized property were improperly raised when he appealed the denial of his untimely petition for post-conviction relief to this Court on May 14, 2001.