[Cite as *State v. Nooks*, 2014-Ohio-4828.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio, :

    Plaintiff-Appellee, :

                                         No. 14AP-344

v. : (C.P.C. No. 98CR-6443)

Jonathan W. Nooks, Jr., : **(REGULAR CALENDAR)**

    Defendant-Appellant. :

---

D E C I S I O N

Rendered on October 30, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

*Jonathan W. Nooks, Jr.*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Defendant-appellant, Jonathan W. Nooks, Jr., appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to withdraw his guilty plea. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In 1998, appellant was indicted on two counts of aggravated murder with death penalty specifications, one count of aggravated robbery, and one count of having a weapon while under disability. He initially entered a plea of not guilty, and two attorneys were appointed to represent him. A plea agreement was reached pursuant to which appellant pled guilty to one count of aggravated murder with a firearm specification and to the aggravated robbery charge. The trial court accepted appellant's guilty plea and

sentenced him to an aggregate prison sentence of 28 years to life. By pleading guilty, appellant avoided the possibility of being executed.

{¶ 3} In 1999, appellant pursued his direct appeal. His sole assignment of error alleged that the trial court erred by entering judgment of conviction based on a guilty plea that was not knowingly, intelligently, and voluntarily entered. In overruling appellant's assignment of error, we rejected notions that appellant received ineffective assistance of counsel and that the trial court did not comply with Crim.R. 11. In affirming appellant's conviction and sentence, we found "[t]he record before us indicates that [appellant] knowingly, intelligently and voluntarily entered guilty pleas to the two charges." *State v. Nooks*, 10th Dist. No. 99AP-760 (Mar. 21, 2000) ("*Nooks 1*"), *motion for delayed appeal denied*, 95 Ohio St.3d 1435, 2002-Ohio-2084.

{¶ 4} In 2008, appellant filed a motion seeking to have the judgment of his conviction voided pursuant to Civ.R. 60(B) and *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624. Appellant argued his indictment was defective because it did not specify a mens rea element pertaining to aggravated robbery. The trial court denied the motion and we affirmed. *State v. Nooks*, 10th Dist. No. 08AP-717 (Mar. 24, 2009) (memorandum decision) ("*Nooks 2*"), *appeal not accepted*, 122 Ohio St.3d 1457, 2009-Ohio-3131.

{¶ 5} In 2009, appellant filed his first motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Appellant argued withdrawing his guilty plea would correct a manifest injustice because the trial judge lacked jurisdiction to accept his guilty plea as a three-judge panel was required, his indictment was defective, and his sentences were purportedly void. The trial court denied appellant's motion based on the doctrine of res judicata and we affirmed. *State v. Nooks*, 10th Dist. No. 10AP-108, 2010-Ohio-2982 ("*Nooks 3*").

{¶ 6} In 2010, appellant filed a motion for a de novo sentencing hearing. He argued that the postrelease control portion of his sentence was void because it was not properly imposed. The trial court denied the motion and we affirmed. *State v. Nooks*, 10th Dist. No. 10AP-1033, 2011-Ohio-4104 ("*Nooks 4*").

{¶ 7} On November 8, 2013, appellant filed the instant motion to withdraw his guilty plea. He argued his plea was not entered knowingly, intelligently, and voluntarily;

thus, his plea was accepted in violation of Crim.R. 11.  Underlying appellant's motion were allegations that his indictment was defective, and the trial court imposed consecutive sentences based, in part, on a mistaken understanding that appellant was on parole at the time he was indicted.  Appellant argued he received ineffective assistance of counsel because his trial attorneys did not object to the indictment and they did not correct the trial court regarding his parole status.  Appellant requested a hearing on the matter.

{¶ 8}  On April 8, 2014, the trial court denied appellant's motion and request for a hearing.  The trial court found, "[t]his Court and the Court of Appeals have addressed all of these issues at one time or another * * *.  Further consideration is barred by the doctrine of res judicata."  (R. 359.)  The trial court also found appellant failed to establish that permitting him to withdraw his guilty plea would correct a manifest injustice.  Appellant timely appealed from the trial court's judgment.

## II.  ASSIGNMENTS OF ERROR

{¶ 9}  Appellant presents us with three assignments of error for review:

> [I.] Trial counsel rendered ineffective assistance of Counsel.
>
> [II.] Trial Court abused its discretion in imposing consecutive sentences based upon nonfactual and unsupported reasons.
>
> [III.] Trial Court abused its discretion when denying the motion to withdraw former plea of guilty.

## III. DISCUSSION

{¶ 10}  We will address appellant's assignments of error together because they are interrelated.  Collectively, appellant's assignments of error allege the trial court erred in denying his successive motion to withdraw his guilty plea.  We disagree.

{¶ 11} Appellant did not expressly bring his latest motion pursuant to Crim.R. 32.1; however, considering the content, we construe it as such.  As we noted in *Nooks 3*:

> A criminal defendant can file a Crim.R. 32.1 motion to withdraw a guilty plea after the imposition of a sentence in order to correct "manifest injustice." *See State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. Accordingly, where a criminal defendant, subsequent to the imposition of sentence, files a motion to withdraw a guilty plea on the basis of a manifest injustice, including a constitutional violation, such a motion is a Crim.R. 32.1

motion. *See State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993.

Crim.R. 32.1 provides that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." What constitutes "manifest injustice" has been variously defined, but such a standard allows a post-sentence motion to withdraw only in extraordinary cases. *Id.* Although Crim.R. 32.1 does not prescribe a time limitation, an "undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith*, at paragraph three of the syllabus. Further, whether a movant has demonstrated a manifest injustice is addressed to the sound discretion of the trial court, and the court's denial of a motion to withdraw a guilty plea will not be reversed absent an abuse of discretion. *State v. Glass*, 10th Dist. No. 04AP-967, 2006-Ohio-229, ¶ 18.

*Id.* at ¶ 5-6. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Muhumed*, 10th Dist. No. 11AP-1001, 2012-Ohio-6155, ¶ 8, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} We find our pronouncements in *Muhumed* pertaining to res judicata and Crim.R. 32.1 motions instructive and applicable here. We stated:

[B]ecause res judicata applies to successive motions to withdraw a guilty plea under Crim.R. 32.1 and to issues raised in a post-sentencing Crim.R. 32.1 motion that were or could have been raised in a direct appeal, and because appellant either did raise or could have raised the present issues regarding the ineffective assistance of counsel and the knowing, intelligent, and voluntary nature of his plea in his first motion to withdraw guilty plea pursuant to Crim.R. 32.1, we find the trial court did not err in finding these claims to be barred and in denying the motion to withdraw on the basis of res judicata to the extent it asserted successive claims under Crim.R. 32.1.

*Id.* at ¶ 15. We further noted that "our court has ' "consistently concluded that res judicata bars a party from raising issues in a post-sentencing Crim.R. 32.1 motion that

were or could have been raised in a direct appeal." ' "  *Id.* at ¶ 15, fn. 1, quoting *State v. Tran*, 10th Dist. No. 11AP-146, 2012-Ohio-1072, ¶ 11, quoting *State v. Ikharo*, 10th Dist. No. 10AP-967,  2011-Ohio-2746, ¶ 11. *See also State v. Hagler*, 10th Dist. No. 10AP-291, 2010-Ohio-6123, ¶ 12; *State v. Hazel*, 10th Dist. No. 08AP-1002, 2009-Ohio-2144, ¶ 10; and *State v. Conteh*, 10th Dist. No. 09AP-490, 2009-Ohio-6780, ¶ 6.

{¶ 13} All of the issues raised in appellant's second motion to withdraw his guilty plea were raised on direct appeal or in his first motion to withdraw his guilty plea, or they could have been raised in either of those proceedings.  The trial court was correct that the doctrine of res judicata bars appellant from raising the issues that appear in his successive motion to withdraw his guilty plea.  The trial court did not abuse its discretion in denying the motion.  Accordingly, appellant's assignments of error are overruled.

## IV.  CONCLUSION

{¶ 14} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and LUPER SCHUSTER, JJ., concur.

_____