[Cite as *State v. Neguse*, 2018-Ohio-1163.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 17AP-449 |
| | | (C.P.C. No. 89CR-4079) |
| v. | : | No. 17AP-450 |
| | | (C.P.C. No. 89CR-2888) |
| Mekria Neguse, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on March 29, 2018

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *Mekria Neguse*, pro se.

---

APPEALS from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Mekria[1] Neguse, appeals from the judgment entry of the Franklin County Court of Common Pleas denying appellant's motion to withdraw his guilty plea and motion for appointment of counsel. For the following reasons, we affirm the decision of the trial court.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 26, 1989, appellant was indicted on a single count of felonious assault, pursuant to R.C. 2903.11, with a gun specification arising from an alleged incident

---

[1] Although appellant filed this case using the first name "Mekuria," appellant's first name is spelled "Mekria" on the underlying indictments, guilty pleas (and addendums) signed by appellant, and court-issued documents and decisions of this case. Our review of the record shows appellant has used both of these two spellings of his first name in his case filings since pleading guilty in these cases.

on or about May 29, 1989.  On July 1, 1989, appellant was indicted on a single count of drug abuse, pursuant to R.C. 2925.11, arising from his alleged possession or use of a controlled substance on or about May 13, 1989.  Both indictments list January 1, 1970 as appellant's date of birth.  (June 26, 1989 Indictment at 3; Sept. 1, 1989 Indictment at 2.)

{¶ 3}   Appellant, who was appointed counsel, initially entered pleas of not guilty, and the cases were set for trial.  A subpoena filed September 22, 1989 in the assault case commanded Rosemary Miller of Catholic Social Services to appear before the court to testify and bring information "relevant to determination of the age of [appellant], including of the age of this [appellant], including but not limited to documentation of a bone test conducted on [appellant] and submitted by your agency to the immigration and naturalization service."  (Sept. 22, 1989 Subpoena at 1.)  Another subpoena filed in the assault case on September 25, 1989 commanded the record keeper of Children's Hospital radiology department to appear before the court to testify and bring appellant's records including a test conducted on October 1, 1985 signed by Dr. Martha Miller.

{¶ 4}   On November 8, 1989, the state filed a memorandum contra appellant's motion to dismiss the indictments discussing cases that held a child who intentionally misrepresents his age waives his right to be processed as a child in juvenile court, and arguing appellant previously "either intentionally misrepresented himself or did not object to the assumption of jurisdiction" by the municipal court in pleading guilty to several prior charges.  (Nov. 8, 1989 Memo. Contra at 1.)  The motion to dismiss predicating this memorandum contra is not in the record on appeal.

{¶ 5}   On November 13, 1989, the prosecuting attorney, appellant, and appellant's counsel appeared in court.  A transcript of this proceeding is not provided in the record on appeal.  The following day, November 14, 1989, the trial court filed judgment entries in both cases indicating that appellant entered a plea of guilty to the drug abuse count as charged and to the stipulated lesser-included offense of assault, and the judge found appellant guilty of those charges.  The judgment entries state that the trial court afforded counsel the opportunity to speak on behalf of appellant, addressed appellant personally, and afforded appellant an opportunity to make a statement on his own behalf and present information in mitigation of punishment.  The trial court sentenced appellant to serve six months on the assault conviction, and one and one-half years on the drug abuse case.  The trial court

suspended incarceration in the drug abuse case and placed appellant on probation for a period of three years, allowing for revocation of probation if appellant violated its terms.

{¶ 6}   Written entries of appellant's guilty pleas are in the record accompanied by addendums entitled "notice regarding citizenship status," a form which provides an advisement of consequences of pleading guilty to noncitizens and a place for defendants to select whether or not they are citizens of the United States.  (Nov. 14, 1989 Addendum at 1.)   On these notices, appellant indicated that "I, [appellant's name printed by hand], Defendant in the above-styled case, being represented by counsel, hereby state that: * * * I am a citizen of the United States of America"; appellant signed the forms and a handwritten note on the forms indicate that "Defendant states he is citizen[.]   Court inquired and informed of rights."  (Nov. 14, 1989 Addendum at 1.)  Appellant did not appeal his assault or drug abuse convictions.

{¶ 7}   While on probation, on January 15, 1990, appellant shot a man, killing him. Appellant was convicted on charges of murder with a gun specification and having a weapon while under disability ("WUD"), and the trial court imposed a sentence of 15 years to life, plus an additional 3 years for the gun specification.

{¶ 8}   On July 6, 1990, counsel for appellant filed a motion to dismiss under the drug abuse case number asserting the trial court lacked jurisdiction due to appellant being a juvenile on the date the offense was committed.  On September 30, 1990, after a hearing, the trial court revoked appellant's probation in the drug abuse case due to his murder and WUD conviction, thereby re-imposing the one and one-half year sentence on that conviction to be served consecutive to the sentence on the murder conviction.

{¶ 9}   In March 1991, this court affirmed appellant's murder and WUD conviction in *State v. Neguse*, 71 Ohio App.3d 596 (10th Dist.1991) ("*Neguse I*").   In *Neguse I*, appellant challenged the trial court's denial of his pretrial motion to dismiss the murder and WUD indictment for lack of jurisdiction based on his alleged status as a minor at the time of the murder.  In addressing the issue of whether the trial court's denial of appellant's motion to dismiss in the murder case was supported by the evidence, we considered that both parties agreed appellant had stipulated to being 18 years old or more in 1989 for purposes of pleas in the drug abuse and assault cases, a copy of appellant's immigration card stating December 9, 1973 as his date of birth, records of the Franklin County Children's

Services ("FCCS") and subsequent confusion over appellant's age, a bone marrow test that "evidently concluded that appellant's birth year was 1970," certified copies of appellant's prior arrest records and convictions in five or six adult criminal cases in which appellant's birth date was listed as January 1, 1970, and appellant's testimony at the evidentiary hearing in the murder case in which he alleged the birth year assigned by FCCS to be incorrect but, nonetheless, "never objected to it because it allowed him to be released from [FCCS'] custody much sooner" and was unsure about his true birth date. *Id.* at 604. In determining the trial court's finding on jurisdiction to be supported by sufficient evidence, we discussed appellant apparently did inform his defense counsel in his 1989 cases that he was a minor and defense counsel nevertheless advised him to plead guilty but noted "a strong indication that his mother had arbitrarily assigned him the December 9, 1973 [birth]date" on entering the county, that appellant "juggled dates to suit his own purposes," and that "the best evidence was the date ascertained by the medical examination, which was arbitrary for month and day, but was sufficient to establish that appellant was over eighteen years of age on January 15, 1990," the date the murder occurred. *Id.* at 604-05.

{¶ 10} Over the following 26 years, appellant filed and was denied several postconviction motions pertaining to his drug abuse and assault convictions. Pertinent to this appeal, in 1993, appellant filed a motion to vacate or set aside judgment asserting his conviction and sentences are void because he was a juvenile (16 years old) at the time of the offenses depriving the common pleas court of jurisdiction, no jurisdictional hearing was conducted, reliance on the bone test was erroneous as he was never examined or a patient of Children's Hospital, and his counsel provided ineffective assistance. Appellee filed a memorandum contra asserting appellant failed to appeal, and the issues raised by appellant were barred under the doctrine of res judicata. A hearing on the postconviction motion was held June 29, 1994, and the trial court overruled appellant's motion. Appellant appealed the denial of his postconviction motion, and on April 12, 1995, this court sua sponte dismissed the appeal due to the lack of a timely notice of appeal.

{¶ 11} Later in 1995, appellant averred to being "a citizen of the United States" in an affidavit of indigency supporting a motion for production of court documents. (Sept. 29, 1995 Aff. at 1.)

{¶ 12} On September 7, 1999, appellant filed a motion for delayed appeal regarding the trial court's denial of his 1993 postconviction motion. This court denied the motion in December 1999. On January 5, 2000, appellant again filed a notice of appeal of the trial court's denial of postconviction relief. This court sua sponte dismissed the appeal for lack of a timely filed notice of appeal.

{¶ 13} On August 10, 2000, appellant filed a motion to withdraw his guilty pleas in the drug abuse and assault cases, alleging the trial court failed to advise him of the consequences of R.C. 2943.031, and he pled guilty under duress and without fully understanding the immigration consequence under R.C. 2943.031. The trial court overruled appellant's motion on October 11, 2000. Appellant filed a timely appeal of that decision and asserted three assignments of error related to R.C. 2943.031 for this court to review. In *State v. Neguse*, 10th Dist. No. 00AP-1207 (Mar. 20, 2001) (memorandum decision) ("*Neguse II*"), we affirmed the decision of the trial court. In doing so, we noted appellant signed a written guilty plea form and an addendum regarding citizenship status and provided no evidence of alleged citizenship in Ethiopia and found, based on the record, the trial court properly inquired as to appellant's citizenship status and determined appellant was a U.S. citizen.

{¶ 14} On April 5, 2004, appellant filed a motion for relief from judgment, pursuant to Civ.R. 60(B) and Crim.R. 57, contending, among other arguments, he was a minor at the time of both offenses, the trial court erred in failing to determine appellant's age for purposes of determining jurisdiction, and the trial court erred in failing to hold appellant's counsel was ineffective. The trial court denied the motion, and appellant did not appeal that decision.[2]

{¶ 15} On May 9, 2017, appellant filed a second motion to withdraw his guilty plea, pursuant to Crim.R. 32.1, which serves as the basis for the instant appeal. Within it, appellant argued that withdrawal of his guilty plea is warranted to correct manifest injustice in (1) false evidence—a bone test appellant alleges did not occur—was improperly used by the prosecution to establish appellant was at least 18 years old for purposes of the court's jurisdiction without holding a "bound over" hearing; and (2) his trial counsel was ineffective

---

[2] The trial court entry is marked with only the case number corresponding to the assault conviction.

because he stipulated to the Children's Hospital medical record as being correct and authentic when no such tests were ever conducted, he "failed to object to the prosecutor's motion that was pending on November 8, 1989" since he did not clearly establish appellant's age prior to the plea agreements, he failed to challenge the trial court's jurisdiction, and he did not inform appellant of immigration/deportation consequences with regard to conviction for a second-degree felony. (May 9, 2017 Mot. to Withdraw Guilty Plea at 4, 8.) Appellant references our decision in *Neguse I* affirming his murder and WUD convictions to support his argument that the bone test was fraudulent.

{¶ 16} Attached to appellant's motion to withdraw his guilty plea is appellee's November 8, 1989 memorandum contra appellant's motion to dismiss the indictments, what appears to be one page of a transcript from what appellant refers to as a "jurisdictional hearing" from July 9, 1990, what appears to be a 1992 letter from Children's Hospital stating the medical records department has no record of a "Neguse, Mekria" with a date of birth of "12-09-1973" being seen at their facility under that name, a page of a document which is substantively illegible, a 1992 document from the U.S. Department of Health and Human Services Social Security Administration addressed to "Mekria Neguse" which states that a record provided by appellant shows his date of birth to be "09/12/1973" and that the Immigration and Naturalization Service may have more information regarding his date of birth, and, finally, what appears to be a 1993 or 1994 document from the U.S. Department of Justice Immigration and Naturalization Service for "Mekuria Neguse Deresse" with a date of birth of "Sep 12 1973." (May 9, 2017 Mot. to Withdraw Guilty Plea at 12, Exs.)

{¶ 17} The trial court denied appellant's motion on May 15, 2017, stating appellant "has not provided any information that supports manifest injustice and therefore his motion." (May 15, 2017 Entry at 2.) Appellant filed a notice of appeal to this court on July 7, 2017. On July 28, 2017, this court granted appellant's motion for leave to file a delayed appeal of the May 15, 2017 judgment.

## II. ASSIGNMENTS OF ERROR

{¶ 18} Appellant presents two assignments of error:

> [1.] THE TRIAL COURT COMMITTED ERROR BY DENYING APPELLANT-NEGUSE MOTION TO WITHDRAW HIS GUILTY PLEA IN VIOLATION OF R.C. 2943.031, CRIM. R. 11(C), CRIM. R. 32.1, THE FIFTH, SIXTH, EIGHTH, AND

FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE 36 OF THE VIENNA CONVENTION OF CONSULAR RELATIONS.

[2.] THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO ADDRESS THE INEFFECTIVE ASSISTANCE OF COUNSEL MOTION AND, TO EXAMINE THE BINDOVER HEARING BY NOT CLEARLY ESTABLISHING THE DEFENDANT'S AGE PRIOR TO THE NOVEMBER 14, 1989 PLEA AGREEMENT, AND THEREFORE, A VIOLATION OF THE DEFENDANT'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION, AND UNDER THE OHIO CONSTITUTION UNDER ARTICLE I, § 10.

## III. STANDARD OF REVIEW

{¶ 19} Crim.R. 32.1 permits a motion to withdraw a guilty plea " 'only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.' " *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5, quoting Crim.R. 32.1. "A manifest injustice has been defined as a 'clear or openly unjust act.' " *State v. Ferguson*, 10th Dist. No. 16AP-307, 2016-Ohio-8537, ¶ 7, quoting *State v. Lampson*, 10th Dist. No. 09AP-1159, 2010-Ohio-3575, ¶ 6. "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *Williams* at ¶ 5. Manifest injustice " 'is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases.' " *State v. Tabor*, 10th Dist. No. 08AP-1066, 2009-Ohio-2657, ¶ 6, quoting *State v. Price*, 4th Dist. No. 07CA47, 2008-Ohio-3583, ¶ 11. *State v. Smith*, 49 Ohio St.2d 261, 264 (1977).

{¶ 20} "A defendant seeking to withdraw a post-sentence guilty plea bears the burden of establishing manifest injustice based on specific facts either contained in the record or supplied through affidavits attached to the motion." *State v. Barrett*, 10th Dist. No. 11AP-375, 2011-Ohio-4986, ¶ 8, citing *State v. Orris*, 10th Dist. No. 07AP-390, 2007-Ohio-6499; *State v. Sansone*, 10th Dist. No. 11AP-799, 2012-Ohio-2736, ¶ 7. "In deciding a Crim.R. 32.1 motion, the good faith, weight, and credibility of a moving party's assertions are a matter for resolution by the trial court." *Barrett* at ¶ 11, citing *Smith*. "Thus, the trial

court has great discretion in assessing the credibility of affidavits used to support a Crim.R. 32.1 motion." *Barrett* at ¶ 11, citing *State v. Roberts*, 8th Dist. No. 93439, 2010-Ohio-1436.

{¶ 21} A motion made pursuant to Crim.R. 32.1 is generally addressed to the sound discretion of the trial court. *Smith* at paragraph two of the syllabus. Accordingly, an appellate court will ordinarily not reverse a trial court's denial of a motion to withdraw a plea absent an abuse of discretion. *State v. Totten*, 10th Dist. No. 05AP-278, 2005-Ohio-6210, ¶ 5. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, the question whether res judicata bars claims raised in a motion to withdraw a guilty plea is a question of law. *State v. Muhumed*, 10th Dist. No. 11AP-1001, 2012-Ohio-6155, ¶ 11. We review questions of law under a de novo standard. *Id.*, citing *EMC Mtge. Corp. v. Jenkins*, 164 Ohio App.3d 240, 2005-Ohio-5799, ¶ 15 (10th Dist.), citing *Prairie Twp. Bd. of Trustees v. Ross*, 10th Dist. No. 03AP-509, 2004-Ohio-838, ¶ 12.

## IV. DISCUSSION

### A. First Assignment of Error

{¶ 22} Under the first assignment of error, appellant primarily contends the trial court erred by denying his motion to withdraw his guilty plea because the trial court, in his underlying convictions, failed to comply with R.C. 2943.031. R.C. 2943.031(A), effective October 2, 1989, states:

> Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
>
> "If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

{¶ 23} The failure of the trial court to comply with R.C. 2943.031(A) may serve as grounds for the criminal defendant to later withdraw his or her guilty plea pursuant to R.C. 2943.031(D). Under R.C. 2943.031(B), the trial court is not required to give the advisement described in R.C. 2943.031(A) if either the "defendant enters a plea of guilty on a written form, the form includes a question asking whether the defendant is a citizen of the United States, and the defendant answers that question in the affirmative" or the "defendant states orally on the record that he is a citizen of the United States." R.C. 2943.031(B)(1) and (2).

{¶ 24} Appellant relies on *State v. Francis*, 140 Ohio St.3d 490, 2004-Ohio-6894, to support his position. In *Francis*, the Supreme Court of Ohio determined, "through R.C. 2943.031, the General Assembly has created a substantive statutory right for certain criminal defendants and that this right therefore prevails over the general procedural provisions of Crim.R. 32.1," exhibiting the legislature's intent to "free" these certain criminal defendants from the manifest injustice standard. *Id.* at ¶ 26, 27. *See also Muhumed* at ¶ 9. However, the court in *Francis* specified R.C. 2943.031(A) only applied to "noncitizens" and, pursuant to the express language of the statute, R.C. 2943.031(A) 's requirements did not apply where the criminal defendant affirmatively indicated either in writing or orally that he or she is a citizen of the United States. *Id.* at ¶ 20, 26. "This practice * * * precludes the possibility that a defendant who later reveals that he or she was not a citizen at the time of the plea may invoke R.C. 2943.031(D) as grounds for withdrawing the plea." *Id.* at ¶ 20.

{¶ 25} Here, several grounds exist to reject appellant's argument regarding R.C. 2943.031(A) on this record. First, this argument differs from what appellant presented to the trial court in his motion to withdraw his guilty plea. We typically decline to address issues for the first time on appeal. *Tucker v. Leadership Academy for Math*, 10th Dist. No. 14AP-100, 2014-Ohio-3307, ¶ 20; *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 18. Second, appellant previously raised the R.C. 2943.031 argument in his 2000 motion to withdraw his guilty plea. As such, appellant's second attempt to litigate this issue is barred under the doctrine of res judicata. *State v. Tovar*, 10th Dist. No. 11AP-1106, 2012-Ohio-6156, ¶ 17-18 (finding res judicata barred appellant's R.C. 2943.031 argument as a basis to withdraw his guilty plea since he had previously raised the issue in a separate

motion to withdraw his guilty plea).  Third, this court, in ruling on his 2000 motion to withdraw his guilty plea in *Neguse II*, determined the trial court did not err in regard to R.C. 2943.031 on this record.  Therefore, the law of the case doctrine also applies. *Glasstetter v. Rehab. Servs. Comm.*, 10th Dist. No. 13AP-932, 2014-Ohio-3014, ¶ 27, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984) ("The law of the case doctrine provides 'the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' ").

{¶ 26} Moreover, even if we were to review this claim, it would clearly fail on the merits.  Because the record contains appellant's guilty pleas with addendum averring to his citizenship, the trial court, in his underlying conviction, was not required to adhere to R.C. 2943.031(A), and appellant thus is not entitled to review or withdrawal of his plea under R.C. 2943.031(D).  R.C. 2943.031(B); *Francis* at ¶ 20.  Appellant's argument is thus against the record, and he has not otherwise demonstrated manifest injustice to warrant withdrawal of his guilty plea in this regard.  Considering all the above, appellant's argument regarding R.C. 2943.031 as a basis to withdraw his guilty plea does not support reversal.

{¶ 27} Under this assignment of error, appellant additionally asserts "[t]he court neglected to provide any conclusions of law upon which the court based its decision for a reviewing court to determine whether the decision was not arbitrary and/or an abuse of discretion under the plain error doctrine."  (Appellant's Brief at 1.)  However, Crim.R. 32.1 does not require a court to issue findings of fact and conclusions of law when ruling on a motion to withdraw a guilty plea.  *State v. Galdamez*, 10th Dist. No. 14AP-527, 2015-Ohio-3681, ¶ 46; *State v. McFarland*, 7th Dist. No. 08 JE 25, 2009-Ohio-4391, ¶ 29.  Therefore, appellant's argument in this regard lacks merit.

{¶ 28} Finally, appellant mentions that "[i]t was plain error and an abuse of discretion for the court of common pleas to deny [appellant's] motion to withdraw a guilty plea without [appellant] being given the state's response to said motion."  (Appellant's Brief at 1.)  "The burden of affirmatively demonstrating error on appeal rests with the [appellant]." *Miller v. Johnson & Angelo,* 10th Dist. No. 01AP-1210, 2002-Ohio-3681, ¶ 2; *see also* App.R. 9 and 16(A)(7).  Pursuant to App.R. 16(A)(7):

> The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
>
> * * *
>
> (7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, *with citations to the authorities, statutes, and parts of the record on which appellant relies.*"

(Emphasis added.) Appellant has not provided legal authority in support of these statements, cited to the record, or explained how this argument supports reversal under his assignment of error as stated. As a result, appellant has not demonstrated error in regard to this additional contention.

{¶ 29} Accordingly, appellant's first assignment of error is overruled.

**B. Second Assignment of Error**

{¶ 30} Under the second assignment of error, appellant contends the trial court erred by failing to address his ineffective assistance of counsel motion and "ignor[ing] [appellant's] motion to dismiss the indictment without holding a 'boundover' hearing for the motion that was pending in the lower court and allowed [appellant] to plead guilty at the November 14, 1989 plea agreement hearing." (Appellant's Brief at 3.)

{¶ 31} We address appellant's assignment of error as argued in his appellate brief. App.R.16(A)(7); *State v. Smith*, 9th Dist. No. 15AP0001n, 2017-Ohio-359, ¶ 22. Appellant appears to first challenge the trial court's entry, which simply found appellant did not provide information to demonstrate manifest injustice and did not address specific issues. However, as stated in the first assignment of error, Crim.R. 32.1 does not require a court to issue findings of fact and conclusions of law when ruling on a motion to withdraw a guilty plea. *Galdamez; McFarland.* Therefore, appellant's argument in this regard lacks merit.

{¶ 32} The remainder of appellant's argument under this assignment of error primarily focuses on allegations of ineffective assistance of counsel. Appellant specifically asserts his trial counsel was deficient because "trial counsel had clearly failed to object to the prosecutor's motion that was pending on November 8, 1989 because he did not clearly establish [appellant's] age before two plea bargain agreements." (Appellant's Brief at 4.)

{¶ 33} As we stated in *Ferguson*:

> Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1. *State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, ¶ 18, 793 N.E.2d 509 (10th Dist.). A defendant seeking to withdraw a guilty plea based on ineffective assistance of counsel must show first that counsel's performance was deficient, and second that there is a reasonable probability that, but for counsel's errors, the defendant would not have agreed to plead guilty. [*State v.*] *Xie*, [62 Ohio St.3d 521, 524 (1992)]. In order to show counsel's performance was deficient, the appellant must prove that counsel's performance fell below an objective standard of reasonable representation. *State v. Jackson*, 107 Ohio St.3d 53, 2005-Ohio-5981, ¶ 133, 836 N.E.2d 1173, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The appellant must overcome the strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. *Id.* at 689. To show prejudice, the appellant must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, ¶ 204, 892 N.E.2d 864.

*Id.* at ¶ 10.

{¶ 34} Claims of ineffective assistance of counsel as manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1 are subject to res judicata in certain circumstances. *State v. Nooks*, 10th Dist. No. 14AP-344, 2014-Ohio-4828, ¶ 12. Specifically, " 'res judicata applies to successive motions to withdraw a guilty plea under Crim.R. 32.1 and to [ineffective assistance of counsel] issues raised in a post-sentencing Crim.R. 32.1 motion that were or could have been raised in a direct appeal.' " *Id.*, quoting *Muhumed* at ¶ 15 (finding that where a defendant previously filed a previous motion to withdraw his guilty plea, res judicata bars him from raising issues of ineffective assistance of counsel or the knowing, intelligent, and voluntary nature of plea—issues he did or could have raised in the first motion—in a second motion to withdraw his guilty plea). In this case, appellant did not appeal his assault and drug abuse convictions and filed a previous motion to withdraw his guilty plea in these cases. As a result, appellant's asserted

arguments regarding ineffective assistance of counsel are barred under the doctrine of res judicata.

{¶ 35} Under this assignment of error, appellant additionally states that "[t]he court ignored [appellant's] motion to dismiss the indictment without holding a 'boundover' hearing for the motion that was pending in the lower court and allowed the [appellant] to plead guilty at the November 14, 1989 plea agreement hearing." (Appellant's Brief at 3.)  It is unclear whether appellant makes this statement in conjunction with his ineffective assistance of counsel argument or an argument independent of ineffective assistance of counsel.  Regardless, appellant has not demonstrated manifest injustice to withdraw his guilty plea.

{¶ 36} As a preliminary issue, appellant has not supported such a challenge with argument or legal authority as required by the appellate rules.  *Smith*, 2017-Ohio-359; *Miller* at ¶ 2; App.R. 9 and 16(A)(7).

{¶ 37} Moreover, appellant's motion to withdraw his guilty plea and attachments fall short of demonstrating manifest injustice.  *Barrett* at ¶ 8; *Sansone*.  First, "[t]hough not dispositive on its own, '[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.' " *Barrett* at ¶ 14, quoting *Smith*, 49 Ohio St.2d 261, at paragraph three of the syllabus.  In this case, a gap of approximately 28 years exists between appellant's 1989 guilty plea and the instant motion to withdraw his guilty plea, which adversely affects the credibility of appellant's arguments.  Second, the records attached to appellant's motion were unclear and even contradictory regarding his date of birth, show that appellant was unable to testify as to his actual date of birth, and do not show that false evidence was used to secure his conviction based on the 1970 date of birth assigned to him by FCCS.  Finally, the motion to dismiss that is at the heart of appellant's assignment of error and transcripts referenced by appellant are not included in the record of appeal.

{¶ 38} On this record, we find the trial court did not act unreasonably, arbitrarily, or unconscionably in finding appellant failed to demonstrate this is one of the extraordinary cases rising to the level of manifest injustice.  Considering all the above, we find the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea.

{¶ 39} Accordingly, appellant's second assignment of error is overruled.

## V. CONCLUSION

{¶ 40} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and HORTON, JJ., concur.

_____