[Cite as *State v. Neguse*, 2021-Ohio-2245.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | No. 20AP-275 |
| | | (C.P.C. No. 89CR-2888) |
| Plaintiff-Appellee, | : | No. 20AP-276 |
| | | (C.P.C. No. 89CR-4079) |
| v. | : | No. 20AP-277 |
| | | (C.P.C. No. 90CR-414) |
| Mekria Neguse, | : | |
| | | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 30, 2021

**On brief**: [*G. Gary Tyack*], Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief**: *Mekria Neguse*, pro se.

APPEALS from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Defendant-appellant, Mekria Neguse, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to vacate the hearing on his petition for postconviction relief and his motion for release of additional property. For the reasons which follow, we affirm.

{¶ 2} In 1989, appellant pled guilty to one count of assault and one count of drug abuse. The trial court sentenced appellant to a six-month term of imprisonment on the assault count and placed appellant on a three-year period of probation on the drug abuse count. In 1990, while on probation, appellant shot and killed a man. As a result, appellant was convicted of murder and having a weapon while under disability ("WUD"), both with specifications. The trial court sentenced appellant to an aggregate prison sentence of 18

years to life on the murder and WUD counts. This court affirmed appellant's murder and WUD convictions in *State v. Neguse*, 71 Ohio App.3d 596 (10th Dist.1991).

{¶ 3} Since his incarceration, appellant has filed a variety of motions and pleadings in his criminal cases. *See State ex rel. Neguse v. McIntosh*, 115 Ohio St.3d 216, 2007-Ohio-4788; *State v. Neguse*, 10th Dist. No. 09AP-843, 2010-Ohio-1387; *State v. Neguse*, 10th Dist. No. 17AP-449, 2018-Ohio-1163. Pertinent to the present appeal, in 1993, appellant filed a petition for postconviction relief. The trial court held an evidentiary hearing on the petition June 29, 1994. The trial court subsequently denied appellant's petition for postconviction relief and issued a nunc pro tunc entry denying the petition on February 3, 1995.

{¶ 4} Appellant attempted to appeal the trial court's order denying his petition for postconviction relief. However, on April 12, 1995, this court sua sponte dismissed the appeal for lack of a timely notice of appeal. In 2000, appellant again attempted to appeal the court's order denying his petition for postconviction relief and this court again dismissed the appeal for lack of a timely notice of appeal.

{¶ 5} On February 27, 2019, appellant filed a motion to vacate the June 29, 1994 hearing on his petition for post-conviction relief. Appellant asked the court to hold a new hearing on the petition because he was not provided a foreign language interpreter or counsel to assist him during the 1994 hearing.

{¶ 6} On November 7, 2016, appellant filed a motion for the return of his property. Appellant asked the court to return "two rings, watch, shoe, $174, and cloth [sic] and other items" appellant claimed were taken from him by police following his 1990 murder charge. (Emphasis sic.) (Mot. at 1.) The State of Ohio, plaintiff-appellee, responded to appellant's November 7, 2016 motion, indicating it had "some of [appellant's] property" including "a watch, one ring and $170.50 cash." (State's Mar 28, 2017 Response to Mot. for Return of Property.) On May 31, 2017, the trial court issued a decision finding appellant's "request for the return of personal property in the State's possession (i.e. one watch, one ring, and $170.50 cash) well taken." (Entry.) As appellant was incarcerated, the court instructed appellant to "designate[] someone to accept responsibility for the items in the State's possession." (Entry.)

{¶ 7} On August 9 and October 2, 2017, appellant filed motions to compel the state to release his property. The state responded noting appellant had not designated a person to retrieve his property. On April 17, 2018, appellant filed a power of attorney authorizing Darlean Lovett to obtain his property. On August 3, 2018, the court issued an order acknowledging Lovett would retrieve appellant's watch, ring, and $170.50 from the state.

{¶ 8} On April 3, 2019, appellant filed a motion seeking the return of additional property. Appellant acknowledged his watch, ring, and $170.50 were returned to him in 2018. However, appellant asked the court to order the state to "release the remaining property that was on the motion filed November 7, 2016." (Response at 1.) The state responded to appellant's motion arguing that res judicata barred appellant's attempt to seek the return of additional property.

{¶ 9} The trial court issued an entry denying the pertinent motions on April 7, 2020. The court denied appellant's motion to vacate the hearing on his petition for post-conviction relief without analysis. The court found the state had "made available the property which has been identified as the property of [appellant]," and denied appellant's motions to compel and motion for return of additional property. (Entry at 3.)

{¶ 10} Appellant appeals, assigning the following four assignments of error for our review:

> [I.] It was prejudicial plain error and an abuse of discretion for the trial court of common pleas to deny motion to vacate post-conviction hearing that was filed on February 27, 2019 for lack of public defender office was not notified about his hearing June 29, 1994.
>
> [II.] It was prejudicial error and an abuse of discretion for the court of common pleas to deny motion to vacate post conviction hearing that was filed on February 27, 2019 for lack or not provided an adequate interpreter.
>
> [III.] It was prejudicial plain error an and abuse of discretion for the court of common of pleas to deny motion to vacate post-conviction hearing that was filed on February 27, 2019, based upon of res judicata.

> [IV.][1] The trial court abused its discretion in that it failed to return the defendant's-Appellant property that was listed in motion from November 7th, 2016.

(Sic passim.)

{¶ 11} Appellant's first, second, and third assignments of error assert the trial court erred in denying his motion to vacate the 1994 hearing on his petition for postconviction relief. Although the trial court did not indicate its grounds for denying the motion, we must affirm the trial court's judgment if there are any valid grounds to support it. *Schottenstein, Zox & Dunn, LPA v. C.J. Mahan Constr. Co., LLC*, 10th Dist. No. 08AP-851, 2009-Ohio-3616, ¶ 16, citing *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96 (1990).

{¶ 12} The state contends appellant's motion to vacate the 1994 hearing was an untimely, procedurally barred petition for postconviction relief. An irregular motion may be treated "as a [R.C. 2953.21] postconviction petition, [where] it '(1) was filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence.' " *State v. Norman*, 10th Dist. No. 19AP-106, 2019-Ohio-4020, ¶ 11, quoting *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). *See also State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. Appellant's February 27, 2019 motion did not ask the trial court to find the judgment against him void or to vacate his sentence. Rather, the motion asked the court to hold a new hearing on appellant's petition for postconviction relief. Accordingly, the February 27, 2019 motion does not satisfy the criteria to be recast as a petition for postconviction relief.

{¶ 13} However, we find no error in the court's decision denying appellant's motion to vacate the 1994 hearing, as the motion was barred by res judicata. "The doctrine of res judicata 'prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated.' " *State v. Russell*, 10th Dist. No. 06AP-498, 2006-Ohio-6221, ¶ 12, quoting *State v. Sneed*, 8th Dist. No. 84964, 2005-Ohio-1865, ¶ 16. *See*

---

[1] Appellant has filed two initial briefs in the present appeal. App.R. 16 permits "the Appellant to file only one initial brief." *Oyer v. Oyer*, 7th Dist. No. 07 CA 847, 2008-Ohio-2269, ¶ 5. Although we have authority to disregard any error neither assigned nor argued in compliance with App.R. 16, in the interests of justice, we will address the assignments of error presented in both of appellant's briefs. App.R. 12(A); *Franklin Cty. Dist. Bd. of Health v. Sturgill*, 10th Dist. No. 99AP-362 (Dec. 14, 1999). We have renumbered appellant's first assignment of error from his second brief as his fourth assignment of error.

*State v. Wheeler*, 10th Dist. No. 09AP-910, 2010-Ohio-2559, ¶ 19, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996); *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Thus, "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16. In a criminal case, "res judicata may preclude issues, arguments, or positions that could have been (even if they were not actually) litigated." *State v. Barber*, 10th Dist. No. 16AP-172, 2017-Ohio-9257, ¶ 19.

{¶ 14} Although appellant failed to timely appeal the court's order denying his petition for postconviction relief, appellant could have raised the issues presented in his February 27, 2019 motion in an appeal from the court's order denying his petition. As such, res judicata barred appellant from raising these issues in a subsequent motion. *See State v. Payne*, 10th Dist. No. 10AP-1188, 2011-Ohio-3930, ¶ 11 (stating that "[a]lthough defendant did not file a direct appeal from the trial court's judgment," because "he could have appealed what he now claims to be an erroneous determination, res judicata bars his raising the issue" through a subsequent motion). Appellant's first, second, and third assignments of error are overruled.

{¶ 15} Appellant's fourth assignment of error asserts the trial court abused its discretion by failing to return all the property listed on his November 7, 2016 motion. As the trial court's May 31, 2017 decision granted appellant's November 7, 2016 motion for the return of his property only with respect to one watch, one ring, and $170.50, the decision effectively denied the November 7, 2016 motion with respect to the other items listed on the motion.

{¶ 16} Appellant did not appeal the trial court's May 31, 2017 decision. Accordingly, appellant's April 3, 2019 motion seeking the return of the additional items listed on the November 7, 2016 motion was barred by res judicata. *See State v. Carter*, 9th Dist. No. 21792, 2004-Ohio-1590, ¶ 8 (holding that, because appellant's motion for the return of property "was previously denied by the trial court on May 1, 2001, Appellant's September 11, 2003, motion for the return of seized property filed to the trial court was barred by res judicata"); *State v. White*, 2d Dist. No. 2017-CA-28, 2018-Ohio-2573, ¶ 13 (stating that the "portion of [the defendant's] 'Motion for the Return of Property' requesting the release of his vehicle [was] barred by res judicata because [the defendant] previously

requested such relief in a prior motion and then failed to appeal from the trial court's decision denying the prior motion"); *State v. Travis*, 3d Dist. No. 13-17-13, 2017-Ohio-7285, ¶ 14; *State v. Goins*, 12th Dist. No. CA2004-02-054, 2005-Ohio-828, ¶ 7; *Wheeler* at ¶ 21. To the extent appellant claims on appeal that he is entitled to receive certain additional property items,[2] which appellant never raised in the trial court, these items are not properly before this court for consideration. *See State v. Jamison*, 2d Dist. No. 23211, 2010-Ohio-965, ¶ 32 (noting that, although "Jamison claim[ed] on appeal that he own[ed] $181 of the money" he sought to be returned, as Jamison "did not make this claim in the trial court," the appellate court could not "add new matters to the record and decide the appeal based on those facts").

{¶ **17**} Accordingly, the trial court did not err in denying appellant's April 3, 2019 motion for the return of additional property. Appellant's fourth assignment of error is overruled.

{¶ **18**} Having overruled appellant's four assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and BEATTY BLUNT, JJ., concur.

_____

---

[2] Appellant asserts in his brief that he is entitled to receive the following property items: "a pair of black shoes, brown pants, one gray full length L.A. Raiders Jacket, one cassette tape, one pair of shorts, one green sports tank top, drivers license, [and] one pager, among other items." (Appellant's June 19, 2020 Brief at 2.)